IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ABDUL MUHAMMAD,

      Petitioner,

v.                                Civil Action No. 5:17CV70
                                                    (STAMP)

JOE COAKLEY,
Complex Warden,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.   Procedural History

The <u>pro se</u>[1] petitioner, Abdul Muhammad, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner challenges the method used by the Federal Bureau of Prisons ("BOP") to calculate his sentence, and seeks prior custody credit from March 21, 2011, until August 19, 2014. In addition, the petitioner requests that he be transferred from USP Hazelton to a medium security prison.

This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone. Following a preliminary review, which determined that summary dismissal was not appropriate, the respondent was

---

[1]"<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

ordered to show cause why the petition should not be granted. ECF
No. 15. The respondent filed a motion to dismiss or in the
alternative for summary judgment, together with a supporting
memorandum of law and exhibits. ECF Nos. 20, 21. A <u>Roseboro</u>
notice was issued. ECF No. 24. The petitioner filed a response in
opposition. ECF No. 29. The respondent filed a reply. ECF
No. 30. Petitioner then filed an additional response. ECF No. 31.
On September 18, 2018, this matter was stayed, and the respondent
was directed to take further action. ECF No. 38. The respondent
then filed a second motion to dismiss or in the alternative for
summary judgment with a brief memorandum in support and exhibits.
ECF No. 42, 43. On December 21, 2018, an order was entered lifting
the stay. ECF No. 44. On December 26, 2018, a second <u>Roseboro</u>
notice was issued. To date, the petitioner has not responded.

Magistrate Judge James P. Mazzone issued a report and
recommendation (ECF No. 48) recommending that petitioner's petition
be denied and dismissed. The plaintiff did not file objections to
the report and recommendation. For the following reasons, this
Court affirms and adopts the report and recommendation in its
entirety.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct
a <u>de novo</u> review of any portion of the magistrate judge's
recommendation to which objection is timely made. As to findings

where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

In his report and recommendation, the magistrate judge found that in the instant case, the Designation and Sentence Computation Center ("DSCC") sent a letter to the federal sentencing judge, United States District Judge Dennis M. Cavanaugh, dated December 24, 2014 regarding the sentencing court's position on applying a retroactive designation. The magistrate judge concluded that a response was never received by the DSCC as Judge Cavanaugh had already retired, and the BOP subsequently denied the petitioner's nunc pro tunc designation. The magistrate judge then confirmed that Judge Cavanaugh retired on January 31, 2014, nearly one year before the letter was sent. Moreover, the pro se law clerk assigned to this matter contacted the chambers of United States District Judge Stanley R. Chesler, to whom the case was reassigned, and was advised by his courtroom deputy that the petitioner's file gave no indication that the letter from DSCC was ever received by Judge Chesler.

Therefore, this matter was stayed, and this Court ordered that the DSCC send a letter to Judge Chesler which mirrored the letter sent to Judge Cavanaugh. Id. at 12. On September 21, 2018, that letter was sent as ordered. On December 11, 2018, the DSCC received response from the sentencing court that stated the federal sentence should run concurrently with the state sentence imposed on the petitioner. Id. Accordingly, as the magistrate judge correctly noted, a new sentence calculation was completed and certified by DSCC, with the petitioner's sentence beginning on September 26, 2012, and jail credit awarded for the time from March 21, 2011, to September 25, 2012.

The magistrate judge further noted that the petitioner's current projected release date via good conduct time is December 5, 2027, and that the petitioner was designated from the United States Penitentiary at Hazelton, a high security institution, to the Federal Correctional Institution at Hazelton, a medium level institution on December 12, 2018. Thus, the magistrate judge concluded that because of the actions of the DSCC and the BOP following this Court's order of September 18, 2018, the petitioner has received the relief he requested, and no further relief can be awarded.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 48) is AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 20) is DISMISSED, the respondent's motion to dismiss or for summary judgment (ECF No. 42) is GRANTED, and the petition for habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     February 19, 2019


                                      <u>/s/ Frederick P. Stamp, Jr.</u>
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE